### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SONIA ORDONEZ, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>TAYLORSVILLE CITY POLICE DEPARTMENT, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER:<br><br>DENYING [75] PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY; DENYING [82] RENEWED MOTION FOR EXTENSION OF TIME TO COMPLETE EXPERT DISCOVERY; DENYING [78] PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT; GRANTING [77] PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE A MOTION FOR SUMMARY JUDGMENT; AND GRANTING [80] PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:23-cv-00458-TC-CMR<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Cecilia M. Romero |

Before the court are five motions filed by Plaintiff: (1) Motion for Extension of Time to Complete Expert Discovery (Discovery Motion) (ECF 75); (2) Renewed Motion for Extension of Time to Complete Expert Discovery (Renewed Discovery Motion) (ECF 82); (3) Motion to File an Amended Complaint (Motion to Amend) (ECF 78); (4) Motion for Extension of Time to File Motion for Summary Judgment (ECF 77); and (5) Motion for Extension of Time to File a Response to Defendants' Motion for Summary Judgment (ECF 80) (collectively, the Motions). The court also considered Defendants Ethan Andrus, Mike G. Archibeque, Espinoza D., Andrew Kyle, Scott

Lloyd, Brad Sousley, and the Taylorsville City Police Department's (collectively, Taylorsville City Defendants), opposition to Plaintiff's Motion for Leave to Amend the Complaint (ECF 81).

Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides these matters on the written memoranda. *See* DUCivR 7-1(g). For the reasons below, the court DENIES Plaintiff's Discovery Motion (ECF 75), her Renewed Discovery Motion (ECF 82), and her Motion to Amend (ECF 80), and GRANTS both Plaintiff's Motion for Extension of Time to File a Motion for Summary Judgment (ECF 77) and her Motion for Extension of Time to File a Response to Defendants' Motion for Summary Judgment (ECF 80).

## DISCUSSION

## I.    Discovery Motion (ECF 75) and Renewed Discovery Motion (ECF 82)

On January 2, 2025, Plaintiff filed the Discovery Motion (ECF 75). In the motion, Plaintiff represents to the court that she has been unable to secure an appropriate expert witness to support her case due to financial hardship and health challenges (*id.* at 1). Accordingly, Plaintiff requests that an expert be appointed "by the court or an extension of 7 weeks to complete expert discovery" (*id.* at 2). On February 18, 2025, Plaintiff filed a "Renewed Motion for Extension of Time to Complete Expert Discovery" (ECF 82). Plaintiff's Renewed Discovery Motion requests nearly identical relief as her Discovery Motion, except her requested extension is for eight weeks rather than seven (*id.* at 2).[1]

Beginning with Plaintiff's request that an expert be appointed by the court, while Federal Rule of Evidence 706(a) allows the court to appoint an expert in certain matters, this power is "rarely" exercised with "[s]ome courts treat[ing] this power as 'the exception and not the rule,'

---

[1] Plaintiff has not demonstrated that her Renewed Discovery Motion is procedurally appropriate, however, because the analysis under either motion would be the same, and the court ultimately determines that Plaintiff is not entitled to her requested relief regarding expert discovery, for purposes of simplicity the court considers the arguments raised in both discovery motions simultaneously.

limiting appointment of experts to the 'truly extraordinary cases.'" *Rachel v. Troutt*, 820 F.3d 390, 397–38 (10th Cir. 2016) (quoting *Reilly v. United States*, 863 F.2d 149, 156 (1st Cir. 1988)). The purpose of Rule 706 is "to appoint an expert witness to assist the court, not to assist a party." *Carranza v. Fraas*, 471 F. Supp. 2d 8, 11 (D.D.C. 2007). Furthermore, even when a pro se plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, "[t]he plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." *Blake v. Webster*, No. 10-cv-0162, 2010 WL 3908702, at *1 (D. Colo. Oct. 1, 2010) (quoting *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir.2008)).

Here, Plaintiff has not demonstrated that her claims are "sufficiently complicated to require" an expert opinion, which is grounds to deny her request. *See Rachel v. Troutt*, 820 F.3d 390, 398 (10th Cir. 2016). Moreover, Plaintiff is not entitled to an expert appointed by the court simply because she was granted leave to proceed *in forma pauperis*. Seeing no basis on which the court should appoint an expert to assist Plaintiff with her claims, the court denies her request in this regard.

Plaintiff also indicated in the Discovery Motion that, if her request for a court-appointed expert was denied, she would like to extend expert discovery for an additional seven weeks (ECF 75 at 2), and in her Renewed Discovery Motion, Plaintiff requested an additional eight weeks (ECF 82 at 2). The court denies this request. Once a scheduling order has been issued, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When examining what constitutes "good cause" for extending discovery deadlines, the Tenth Circuit has noted that a showing of "good cause" requires "at least as much as would be required to show excusable neglect . . . and some showing of 'good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified' is normally

required." *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (quoting *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987)). To that end, for the purposes of extending a deadline under Rule 16(b)(4), the moving party must demonstrate that they made diligent efforts to meet the previously set deadlines. *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018).

In this matter, Plaintiff filed her Discovery Motion on the eve of the closure of the expert discovery deadline, and there is currently a motion for summary judgment filed by Defendants pending before the court (ECF 76). It is unclear what efforts, if any, that Plaintiff has made in pursuing expert discovery. Moreover, if the court were to grant her request for additional discovery, it would necessitate further extending all other deadlines set forth in the scheduling order. Considering this eleventh hour request, the current procedural posture of this case, and the fact that Plaintiff has not demonstrated that she has been diligently pursuing expert discovery up to this point, the court does not find good cause to extend the expert discovery deadline.

Given the extensions that have already been afforded in this matter, along with it not being apparent that expert discovery is necessary to decide the issues presented in the pending motion for summary judgment, the court does not find it appropriate to allow for additional discovery at this time. Accordingly, for the above stated reasons the court denies Plaintiff's Discovery Motion (ECF 75) and denies her Renewed Discovery Motion (ECF 82).

## II.    Motion to Amend (ECF 78)

Federal Rule of Civil Procedure 15 governs amendments to pleadings and in certain situations a party may amend their pleadings as a matter of course but "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts are instructed to "freely give leave [to amend] when justice so requires." *Id.* On February 3, 2025, Plaintiff filed her Motion to Amend (ECF 78). In the motion, Plaintiff

indicates that she seeks to "[i]ncorporate additional facts and evidence" and "[a]dd new defendants" (*id.* at 1). Plaintiff also indicates that she has a pending case in state court and that she would like to consolidate that matter with her federal claims to "promote judicial efficiency and ensure that all claims are adjudicated in a single proceeding" (*id.* at 2). The Taylorsville City Defendants argue the motion "is improper because of Plaintiff's undue delay in attempting to amend her Complaint, the undue prejudice the amendment would create, and the futility of amending" (ECF 81 at 1). For the following reasons, the court agrees with the Taylorsville City Defendants and finds that Plaintiff has not demonstrated that leave should be given to file her amended complaint.

First, the court notes that Plaintiff's attempt to consolidate her state court claims with this matter by filing an amended complaint is procedurally improper. "Federal courts are courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction," thus, "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Plaintiff has not met this burden. Furthermore, an amended complaint would not suffice to have her state court claims removed to federal court. The procedure for removing a civil action to federal court is governed by an entirely different set of rules as to that governing amended complaints. *See* 28 U.S.C. § 1446 (detailing the procedure and requirements for the removal of civil actions to federal court). Plaintiff's request that her state court action be combined with this matter through her amended complaint is therefore procedurally improper.

Beyond the procedural deficiencies with Plaintiff's Motion to Amend, the court notes that a motion to file amended pleadings may also be denied because of "undue delay." *Minter v. Prime*

*Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). And "[t]he longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'" *Minter*, 451 F.3d at 1205 (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

In the governing scheduling order, the deadline for filing an amended pleading or a motion to add parties is February 5, 2024 (ECF 53 at 2), nearly a year prior to when Plaintiff filed the present motion. The motion was also filed after the dispositive motion deadline had passed (*id.* at 3), and Defendants have already filed a Motion for Summary Judgment (ECF 76). Plaintiff maintains that new facts and evidence "have emerged since the filing of the original and second amended complaints," which she maintains is justification for granting the motion (ECF 78 at 1). While Plaintiff may have discovered additional facts after filing her earlier pleadings, Plaintiff has not stated when those facts were uncovered or provided an explanation for the delay in filing the Motion to Amend. The court therefore has no way of determining whether her delay was reasonable or otherwise justified. As the moving party, Plaintiff bears the burden of demonstrating that "justice so requires" that she be allowed to file an amended complaint. *Republican Party of New Mexico v. Balderas*, No. 1:11-cv-00900 WJ/KBM, 2020 WL 13281627, at *1 (D.N.M. Mar. 10, 2020) ("While the Tenth Circuit has adopted a liberal standard for amendment, as the moving party Plaintiffs bear the burden to explain why 'justice so requires' such amendment under Rule 15(a)(2)."). The court thus finds that denial of Plaintiff's Motion to Amend is appropriate where she has failed to provide sufficient information to demonstrate that "justice so requires" that her amended complaint be filed.

"Furthermore, where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Muller v. Culbertson*, 408 F. App'x 194, 197 (10th Cir. 2011) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993). As previously noted, Plaintiff states that new facts have "emerged" since the earlier pleadings were filed however she provides no explanation of what this information is or how it was obtained. The court therefore has no way of knowing whether Plaintiff knew or should have known of these additional facts back when the first two versions of the complaint were filed. Again, based on the sparse information provided in the motion, the court is unable to determine whether justice would require granting Plaintiff's motion under the circumstances.

Accordingly, the court determines that Plaintiff's request to consolidate these proceedings with the pending state court proceedings is improper and she has not provided sufficient justification on which the court could otherwise grant leave to file an amended pleading. Plaintiff's Motion to Amend (ECF 78) is therefore denied.

### III.    Motion for Extension of Time to File Plaintiff's Motion for Summary Judgment (ECF 77) and Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment (ECF 80)

Finally, the court turns to Plaintiff's motions regarding the extension of deadlines related to dispositive motions (ECF 77; ECF 80). The court acknowledges that Plaintiff is proceeding pro se and that Plaintiff was waiting on decisions on her pending Motion to Amend and Discovery Motion before filing her dispositive motion or preparing a response to Defendants' dispositive motion (ECF 78). As discussed above, the court did not find that justice required granting Plaintiff's Motion to Amend nor did the court find that expert discovery should be extended. *See supra* Parts I–II. However, based on the representations in Plaintiff's motions to extend time related to the dispositive motions, and for good cause appearing, the court grants Plaintiff's request

for the extension of time to file a motion for summary judgment and for additional time to respond to Defendants' motion for summary judgment. The court further finds Plaintiff's request for an additional twenty-one days to submit those filings to be reasonable.

## ORDER

Based on the foregoing, the court hereby orders:

1. Plaintiff's Motion for an Extension of Time to Complete Expert Discovery (ECF 75) is DENIED;

2. Plaintiff's Renewed Motion for an Extension of Time to Complete Expert Discovery (ECF 82) is DENIED;

3. Plaintiff's Motion to Amend the Complaint (ECF 78) is DENIED; and

4. Plaintiff's Motion for an Extension of Time to File a Motion for Summary Judgment (ECF 77) and Plaintiff's Motion for an Extension of Time to File a Response to Defendants' Motion for Summary Judgment (ECF 80) are GRANTED.

5. Plaintiff shall have twenty-one (21) days from the entry of this Order to file her motion for summary judgment and to file her response to Defendants' Motion for Summary Judgment (ECF 76).

IT IS SO ORDERED.

DATED this 26 February 2025.


Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah