IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SONIA ORDONEZ,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>TAYLORSVILLE CITY POLICE DEPARTMENT, et al.,<br><br>　　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING [88] PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING [101] PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY<br><br>Case No. 2:23-cv-00458-TC-CMR<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff's Motion for Reconsideration (Motion to Reconsider) (ECF 88) regarding the court's earlier Memorandum Decision (ECF 84) wherein the court denied Plaintiff's Motion to File an Amended Complaint (ECF 78). Also before the court is Plaintiff's Motion for Leave to File Sur-Reply (Sur-Reply Motion) (ECF 101). The court considered Defendants Ethan Andrus, Mike G. Archibeque, Espinoza D., Andrew Kyle, Scott Lloyd, Brad Sousley, and the Taylorsville City Police Department's (collectively, Taylorsville City Defendants) oppositions to the motions (ECF 95; ECF 102), and Plaintiff's reply in support of her Motion to Reconsider (ECF 100).[1] Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides these matters on the written memoranda. *See* DUCivR 7-1(g). For the reasons below, the court DENIES Plaintiff's Motion to Reconsider and DENIES Plaintiff's Sur-Reply Motion.

---

[1] Plaintiff did not file a reply in support of her Sur-Reply Motion, and the time for doing so has passed. *See* DUCivR 7-1(a)(4)(D)(iii) ("A reply may be filed within 14 days after service of the response.").

## DISCUSSION

I.  **Motion to Reconsider (ECF 88)**

On March 19, 2025, Plaintiff filed her Motion to Reconsider (ECF 88) requesting that the court reconsider the denial of her earlier Motion to Amend the Complaint (ECF 78). Specifically, Plaintiff seeks to add "new defendants" and requests "that the case be transferred to federal court" (ECF 88 at 1). Plaintiff, however, has not demonstrated that any of the grounds that warrant reconsideration of an interlocutory ruling are present in relation to her request.

Plaintiff filed her Motion to Reconsider pursuant to several rules, including Federal Rule of Civil Procedure 60(b) (ECF 88).[2] But the Memorandum Decision denying Plaintiff's motion to amend her complaint, which Plaintiff requests that the court reconsider, "was not a final order and, therefore, is not subject to Rule 60(b)." *North v. Ford Motor Co.*, No. 2:00-cv-958 TS, 2007 WL 391578, at *1 (D. Utah Feb. 1, 2007) (citing *Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003)); *see also* Fed. R. Civ. P. 60(b) advisory committee note to 1946 amendment ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule[.]"). Accordingly, Plaintiff is not entitled to relief under Rule 60(b).[3]

---

[2] Plaintiff also filed her Motion to Reconsider under Federal Rule of Civil Procedure 15 and Rule 59(e) (ECF 88). Rule 15 pertains to amended and supplemental pleadings, and Rule 59(e) governs a "motion to alter or amend a judgment." Thus, Rules 15 and 59 are inapplicable to the present motion.

[3] Even if the court were to consider Plaintiff's request under Rule 60(b) she would still not be entitled to relief because Rule 60(b) motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments[ ] or supporting facts [that] were available at the time of the original motion." *Bird v. Pacheco*, 809 F. App'x 512, 514–15 (10th Cir. 2020) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). In the Motion to Reconsider, Plaintiff merely reiterates arguments raised in the original motion, and to the extent she has advanced new arguments or referred to different facts, Plaintiff has failed to show that those arguments or facts were not available to her at the time the original motion was filed. Furthermore, Plaintiff failed to address the court's finding that her Motion to Amend was procedurally improper (ECF 84 at 5), and she therefore waived any argument to the contrary. *See e.g.*, *Tran v. Trs. of State Colleges in Colorado*, 355 F.3d 1263, 1266 (10th

Still, the court is mindful that Plaintiff is acting pro se and that her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Thus, the court will construe Plaintiff's Motion to Reconsider as "invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment," *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991), and will consider the motion under Rule 54. "Although motions for reconsideration are not specifically provided for under the Federal Rules of Civil Procedure, courts entertain them under Rule 54(b), if they relate to an interlocutory order." *Scalia v. Beantown Painting, Inc.*, No. 2:19-cv-00353, 2020 WL 9256556, at *1 (D. Utah Dec. 29, 2020). Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims."

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Using a motion to reconsider to revisit issues "that have already been addressed in the initial briefing 'is not the purpose of a motion to reconsider'", and "more importantly, 'advancing new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed' is 'inappropriate.'" *Scalia*, 2020 WL 9256556, at *1 (quoting *Van Skiver v. United States*, 952 F.2d 1241, 1242–44 (10th Cir. 1991)).

---

Cir. 2004) ("Issues not raised in the opening brief are deemed abandoned or waived." (quoting *Coleman v. B–G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th Cir.1997))).

In her Motion to Reconsider, Plaintiff has not demonstrated that there has been an intervening change in controlling law, that there is new evidence that was previously unavailable, or that the court should reconsider its Memorandum Decision based on the need to correct clear error. Based on these findings, the court also determines that denying the Motion to Reconsider would not be manifestly unjust. Thus, Plaintiff is not entitled to relief under Federal Rule of Civil Procedure 54(b).

Accordingly, Plaintiff's Motion to Reconsider (ECF 88) is denied.

## II. Sur-Reply Motion (ECF 101)

On April 16, 2025, Plaintiff filed her Motion for Leave to File Sur-Reply (ECF 101) requesting that she be permitted "to file a sur-reply in opposition to Defendants' Reply in Support of their Motion for Summary Judgment" (*id.* at 1). According to Plaintiff, Defendants' reply brief, filed on April 2, 2025, "raised new arguments and additional issues that were not fully addressed in [Plaintiff's] Opposition" (*id.*). The Taylorsville City Defendants oppose Plaintiff's Sur-Reply Motion, pointing out that Plaintiff "fail[ed] to state the additional arguments and issues" that she believes the Taylorsville City Defendants raised in their reply, "instead opting to only make conclusory arguments without any support" (ECF 102 at 1). The court agrees with the Taylorsville City Defendants that Plaintiff's motion is deficient and accordingly should be denied.

In general, "the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Origins Tech, Inc. v. Oak Equity Holdings II, LLC*, No. 2:23-cv-00326-TS-DAO, 2024 WL 22974, at *5 (D. Utah Jan. 2, 2024) (quoting *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005)). Plaintiff, however, has pointed to no new materials or arguments that the Taylorsville City Defendants raised in their reply brief or other grounds sufficient to merit the filing of a sur-reply.

In her motion, Plaintiff contends "a sur-reply is necessary to respond to the specific new issues and arguments raised in Defendants' Reply" and a "sur-reply will clarify important factual and legal issues that were not sufficiently addressed in the initial opposition" (ECF 101 at 1). Without more, Plaintiff's motion fails because a conclusory statement that a reply brief contains new material is insufficient to demonstrate that a sur-reply is warranted. *See Simmler v. Reyes*, No. 2:19-cv-01009-RJS-JCB, 2021 WL 535501, at *1 (D. Utah Feb. 12, 2021) (denying a motion for leave to file a sur-reply where the plaintiff relied on a "conclusory claim that Defendants' reply in support of their motion to dismiss contains new material"); *see also Locke v. Grady Cnty.*, 437 F. App'x 626, 633 (10th Cir. 2011) (declining to disturb the denial of a motion to file a sur-reply where the litigant "made little effort to demonstrate which evidence and arguments were new").

For those reasons, Plaintiff's Sur-Reply Motion (ECF 101) is denied.

## ORDER

Based on the foregoing, the court hereby orders:

1. Plaintiff's Motion for Reconsideration (ECF 88) is DENIED; and
2. Plaintiff's Motion for Leave to File Sur-Reply (ECF 101) is DENIED.

IT IS SO ORDERED.

DATED this 21 May 2025.

*[signature: Cecilia M. Romero]*

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah